## Case No. 3,026.

### The COL. HOWARD v. HAYDEN.

[17 Betts, D. C. MS. 70.]

District Court, S. D. New York. Nov. 30, 1850.

EXTENSION OF EXECUTION AGAINST CLAIMANT—DISCHARGE OF STIPULATORS.

[Under Act March 3, 1847 (9 Stat. 181), after final judgment against sureties of a claimant in an admiralty proceeding, they become principal debtors, and are not discharged by an extension of the execution against the claimant.]

[In admiralty. Libel by Levy Hayden and others against the brig Col. Howard. Cameron—one of the stipulators for the claimant—moves to set aside or stay the execution issued on a decree for the libellant.]

BY THE COURT. Cameron—a stipulator for the claimant—moves to set aside or stay the execution issued against him because the libellants have given the principal (the claimant) sixty days' delay on the execution out against him. The facts appear to be that on the arrest of the vessel in this action the claimant bonded her, and Cameron and another became stipulators on that bond. It was taken by the marshal under the act of congress, and the sureties became liable to an immediate decree or judgment against them upon the bond, for the amount decreed against the principal debtor. Act Cong. March 3, 1847, c. 55 [9 Stat. 181]. Such evidence was rendered in the case that, after execution delivered the marshal, the claimant paid $500, with a privilege of having the execution delayed sixty days as to the residue. The balance not being paid, the libellants proceeded to collect it upon their execution against the stipulators.

These stipulators, since final judgment against them in the suit, do not stand in the relation of sureties to the libellants for the claimant. They have become principal debtors, and the contingent or secondary liability on the stipulations is merged in the judgment recorded against them. La Farge v. Herter, 3 Denio, 159; Bay v. Tallmadge, 5 Johns. Ch. 305. In a case with features very similar to the present, the United States supreme court decided that, after judgment against an endorser of a promissory note, he was not entitled to be protected as a surety, and that a stay or countermand of execution against the principal did not exonerate him. After the creditor has proceeded to judgment against both, he is at liberty to issue execution or not, as he pleases, against the maker, without affording cause of complaint to the endorser, or, if he issues an execution, he is at liberty to make choice of the one which he thinks will be most beneficial to himself, without any consultation whatever with the endorser on the subject; nor ought he to be restrained by any fear of exonerating the endorser from

countermanding the service of any execution he may have issued, and proceeding immediately, if he chooses, on the judgment against the endorser. These authorities are conclusive upon the point now raised, and the motion must be denied, with costs. Order accordingly.